The opi nion of the court was delivered by
Spencer, J.
This is a hypothecary action to compel the defendant' to pay the,-Amount of a judgment for $5253 75 and interest, or deliver-up the property in his possession to be sold to satisfy it. The petition alleging that Bonner was an absentee, a curator ad hoc was appointed to represent him. The plaintiff is a citizen of Louisiana, and the defendant a, citizen of Alabama. The petition was filed April 12,1876, and citation s erved April lé, 1876, on the curator ad hoc. The next term of' the court,! after the filing and service of this suit, began on Monday of September following. On twenty-fifth of September, 1876, the defendant appeared by counsel and filed a plea of prescription. On the- *1306 next day, September 26, he filed, in the usual form, his petition and bond for removal of said cause to the Circuit Court of the United States, under the statute of 1875. The court refused to grant the order, •although there was proof that the value of the lands sought to be held liable to plaintiff’s mortgage exceeded $500, etc. The reasons of the judge a quo are not given; but it is argued here, in support of the refusal to transfer—
First — That this is an action in rem, and that the act of Congress ■only applies to actions in personam.
Second — That the hypothecary action in this case is not a new suit, tout in the nature of an auxiliary proceeding for execution of the original .judgment of Garrett vs. Sims.
Third — That by pleading prescription before filing petition for removal defendant voluntarily admitted jurisdiction in the State court.
We do not think either of these objections sufficient. The act of 1875 has extended the jurisdiction of the Federal courts up to the limits of the Federal constitution. It provides in substance that any •suit of a civil nature at law Or in equity, when the matter in controversy exceeds $500, etc., is pending between citizens of different States, it may be removed on application of either party made at or. before the term at which said suit could be first tried and before trial thereof. The act does not distinguish’between actions in rem and in personam. It says " any suit of a civil nature, at law or in equity.” It ¡can hardly be affirmed that a demand, like that in this suit, to compel.the defendant to pay a sum of more than $5000, or to surrender property exceeding •$500 in value, is not a civil suit. We are not prepared to -say that it is purely an action in rem even. It is a real action, but partakes of the nature also of a personal one, since its prayer is alternative.
Nor can it be affirmed that this is not a new suit, but. only a continuation of a former one. The defendant Bonner was never a party to the suit of Garrett vs. Sims, upon the judgment in which this proceeding is based. >
The plaintiff’s third proposition would be good if this removal were ■sought under the judiciary act of 1789. The authorities cited from 12 M. 100 and 1 N. S. 546 relate to that act. ^
If the conditions required by the act of 1875 exist, the'1 removal must be ordered if applied for before trial and at or beforeI the first term at which the cause might have- been tried. This was doine in this •case, and the removal should have been ordered. ,
It is therefore ordered and decreed that the judgment in \this case be set aside, and that the case be remanded to the court a qua with instructions to grant the removal prayed for by defendant, upori his complying with the law.